UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS SCHLUCHTER,<br><br>    Defendant. | Case No. 15-cv-04353-KAW<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 1 |

On September 21, 2015, Plaintiff Melina Razavi filed a letter, which the presiding judge construed as a complaint, accusing Nicholas Schluchter, a nurse at Washington Hospital, of sexual assault. (Dkt No. 1.) The court granted Plaintiff's application to proceed in forma pauperis.

On February 29, 2016, Plaintiff filed another letter, in which she stated that she is also suing Washington Hospital, and named Leonard Popky, MD, but neither of those entities were named in the first letter, and, therefore, are not properly named defendants. (Dkt. No. 12.) On March 1, 2016, the case was reassigned to the undersigned.

Upon review of the docket, it is impossible to discern from Plaintiff's multiple filings (1) which causes of action she is pursuing, (2) the parties she is suing, and (3) the essential details of the events that pertain to which legal theories under which she seeks relief. For example, assuming that Plaintiff intends to name Washington Hospital and Dr. Popky as defendants, along with Schluchter, she must identify them in the "Parties" section of her complaint. Further, in amending, Plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. This includes clearly identifying the facts that pertain to each cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The recitation of the legal elements of a cause of action, alone, is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Lastly, the amended complaint must also comport with Rule 10(b) of the Federal Rules of Civil Procedure, such that each paragraph must be separately numbered. Plaintiff's letters run afoul of this requirement, as they contain full pages of text.  The first amended complaint should also be properly captioned and be printed on numbered pleading paper.  The Court understands that Plaintiff has had difficulty finding a current address for Defendant Schluchter, but once amended, Washington Hospital would be able to be served as a properly named defendant.

In amending her complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982.  Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case.  This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Plaintiff should be aware that an amended complaint will supersede or replace the original complaint, and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n. 40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005).  The first amended complaint must, therefore, be complete, in itself, without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the Court dismisses Plaintiff's complaint with leave to amend.  Plaintiff shall file the first amended complaint no later than **October 17, 2016** or the case may be dismissed.

IT IS SO ORDERED.

Dated: July 19, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge